**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DWAYNE NESBITT, and ROY BALLESTEROS on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| | ) | Case No. |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Judge |
| | ) | |
| 5 WEST HUBBARD CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs Dwayne Nesbitt and Roy Ballesteros ("Plaintiffs"), on behalf of themselves and all other persons similarly situated known and unknown, through their attorneys, for their Complaint against Defendant 5 West Hubbard Corporation d/b/a Mother Hubbard's Sports Pub ("Hubbard") state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendant's failure to pay overtime wages to Plaintiffs and other similarly situated persons for all time worked in excess of forty (40) hours in individual work weeks.

2.      Plaintiffs and other similarly situated, current and former employees worked for Defendants as hourly paid employees.

3.      In one or more work weeks during their employment by Defendant, Plaintiffs worked more than forty (40) hours. In one or more of those weeks, Defendant did not pay Plaintiffs at a rate of one-and-one-half times their regular rate of pay for all time they worked in

excess of forty (40) hours per week.

4.      Plaintiffs bring their FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as representative party plaintiffs in this FLSA overtime lawsuit are attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiffs' FLSA claims arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

6.      Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

7.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

8.      Plaintiff Nesbitt resides in and is domiciled within this judicial district.

9.      Plaintiff Ballesteros resides in and is domiciled within this judicial district.

10.      In the prior three years, Plaintiffs were employed by Defendant as "employees" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3 and Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

11.      Defendant Hubbard, is an Illinois corporation doing business within this judicial district. Hubbard is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

12.      During the last three years, Defendant Hubbard's annual gross volume sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

2

13.     Defendant was Plaintiffs' "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and 820 ILCS 105/3 of the IMWL.

## FACTUAL BACKGROUND

14.     Plaintiff Nesbitt is a former employee of Defendant who was employed between from approximately October 2014 and April 2, 2018.

15.     Plaintiff Ballesteros is a current employee of Defendant and commenced employment in July 2017.

16.     Defendant paid Plaintiffs on an hourly basis.

17.     Defendant paid other similarly situated employees on an hourly basis.

18.     During the course of their employment by Defendant, Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq*., or the FLSA, 29 U.S.C. § 207.

19.     During the course of their employment, Plaintiffs engaged in commerce and handled goods, including food products and other supplies, which moved in and were produced in interstate commerce.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Plaintiffs on their own behalf and on behalf of similarly situated employees)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

20.     This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., for Defendant's failure to pay overtime wages to Plaintiffs for all time they worked in excess of forty (40) hours per week.

21.     In one or more individual work weeks during their employment by Defendant,

Plaintiffs worked in excess of forty (40) hours per week.

22.     In one or more individual work weeks, Defendant did not pay Plaintiffs one and one-half times their regular rates of pay for all time worked in excess of forty (40) hours.

23.     For example, for the weekly pay period ending October 31, 2015, Plaintiff Nesbitt worked 64.75 hours.  Plaintiff Nesbitt was paid his regular rate for all time worked during this pay period. See Exhibit B1, attached hereto.

24.     For the weekly pay period ending March 19, 2016, Plaintiff Nesbitt worked a total of 53 hours. Plaintiff was paid his regular rate for all time worked during this pay period.  See Exhibit B1, attached hereto.

25.     For the weekly pay period ending December 30, 2017, Plaintiff Nesbitt worked 65 hours. Plaintiff was paid his regular rate for all time worked during this pay period. See Exhibit B1, attached hereto.

26.     For the weekly pay period ending December 2, 2017, Plaintiff Ballesteros worked 52 hours. Plaintiff was paid his regular rate for all time worked during this pay period. See Exhibit B2, attached hereto.

27.     For the weekly pay period ending December 16, 2017, Plaintiff Ballesteros worked 46.50 hours. Plaintiff was paid his regular rate for all time worked during this pay period. See Exhibit B3, attached hereto.

28.     For the weekly pay period ending January 6, 2018, Plaintiff Ballesteros worked 44 hours. Plaintiff was paid his regular rate for all time worked during this pay period. See Exhibit B4, attached hereto.

29.      Other similarly situated hourly employees likewise performed non-exempt work for Defendant, but Defendant has failed to pay them all overtime wages for work performed in

excess of forty (40) hours per week.

30.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rates of pay.

31.     Pursuant to 29 U.S.C. § 207, for all weeks during which other similarly-situated hourly employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rates of pay.

32.     Defendant's failure to pay overtime wages to Plaintiffs for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

33.     Defendant's failure to pay overtime wages to other similarly situated hourly employees for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

34.     Defendant's failure to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A.      A judgment in the amount of one and one-half times the greater of the federal or Illinois minimum wage or Plaintiffs' regular rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours in individual workweeks;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**
**(Plaintiffs Nesbitt and Ballesteros individually only)**

Plaintiffs Nesbitt and Ballesteros hereby reallege and incorporate paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

35.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

36.     The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a.  Plaintiff Nesbitt and Ballesteros bring this action pursuant to 820 ILCS 105/12(a).

37.     Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiffs Nesbitt and Ballesteros worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their regular rate of pay for time they worked in excess of forty (40) hours per week.

38.     During their employment with Defendant, Plaintiff Nesbitt and Ballesteros worked in excess of forty (40) hours in one or more individual work weeks.

39.     Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff Nesbitt and Ballesteros at one and one-half times their regular rate of pay for time worked in excess of forty (40) hours per week.

40.     Pursuant to 820 ILCS 105/12(a), Plaintiff Nesbitt and Ballesteros are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs Nesbitt and Ballesteros pray for a judgment against Defendant as follows:

A.     a judgment in the amount of one and one-half times the greater of the then-applicable Illinois minimum wage or their regular rate of pay for all hours in which Plaintiffs worked in excess of forty (40) hours in individual work weeks;

B.     interest equal to 2 percent of the amount of under-payment for each month following the date of under-payment, as provided for by 820 ILCS 105/12(a);

C.     reasonable attorneys' fees and costs incurred in filing this action; and

D.     such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: April 12, 2018

s/Douglas M. Werman
Douglas M. Werman—dwerman@flsalaw.com
Maureen A. Salas—msalas@flsalaw.com
Sarah J. Arendt—sarendt@flsalaw.com
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

Attorneys for Plaintiffs

7